

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 31, 1948

FAGAN DICKS
FIRST ASSISTAI

Hon. Franklin C. Williams
County Attorney
Anderson County
Palestine, Texas

Opinion No. V-530

Re: Whether a Railroad Com-
pany should include the
roadbed which it holds by
lease in the sworn state-
ment of rolling stock and
mileage required to be
filed by Art. 7169, V.C.S.

Dear Sir:

Your opinion request states that the T. & N. O. Railroad
Company operates in Anderson County over approximately six
miles of roadbed which it leases from the Texas State Railroad,
in addition to roadbed owned by it. This six miles of roadbed has
never been included in the statement which the T. & N. O. Railroad
Company files with the tax-assessor in compliance with Art. 7169,
V.C.S. You request our opinion as to whether the yearly statements
filed should include the six miles of leased roadbed.

Section 8 of Article VIII, Texas Constitution, reads as fol-
lows:

"All property of railroad companies shall be as-
sessed, and the taxes collected in the several coun-
ties in which said property is situated, including so
much of the roadbed and fixtures as shall be in each
county. The rolling stock may be assessed in gross
in the county where the principal office of the compa-
ny is located, and the county tax paid upon it, shall
be apportioned by the Comptroller, in proportion to
the distance such road may run through any such
county, among the several counties through which
the road passes, as a part of their tax assets."

Pursuant to the above authority, the Legislature, in Art.
7169, V.C.S., made special provision for the ad valorem taxation of
railroad rolling stock. This Article, in part, reads as follows:

"Every railroad corporation in this State shall deliver a sworn statement on or before the first day of April of each year, to the assessor of the county in which its principal office is situated, setting forth the true and full value of the rolling stock of said railroad, together with the names of all the counties through which it runs, and the number of miles of roadbed in each of said counties; and said statement shall be submitted to the board of equalization of the county in which its principal office is situated for review, on the first Monday in June in each year, or as soon thereafter as practicable; and such board shall certify such final valuation when made without delay to the Comptroller, who shall proceed at once to apportion the amount of such valuation among the said counties in proportion to the distance such roads shall run through any such county, and shall certify such apportionment to the assessors of such counties, and the same shall constitute part of the tax assets of such counties; and the assessor of each of said counties shall list and enter the same upon the rolls for taxation as other personal property situated in said county.. . ."

It is apparent that both the Constitution and the statute use the length of the roadbed in the counties through which it runs as th basis of a formula for apportioning to the various counties the tax due on rolling stock of railroads.

Furthermore, Article 7173, V.C.S. reads in part as follow:

"Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specially provided by law. . . ." (Emphasis added)

The six miles of railroad in question belongs to the State of Texas and is held by the T. & N. O. Railroad Company under a lease for a term of more than three years.

It is therefore our opinion that the T. & N. O. Railroad Company should include in its statement to the assessor of the county in which its principal office is situated the six miles of roadbed leased from the Texas State Railroad.

## SUMMARY

The T. & N. O. Railroad Company should include in its statement to the tax-assessor of the county in which its principal office is situated the roadbed it holds under lease from the Texas State Railroad. Sec. 8, Art. VIII, Texas Constitution; Arts. 7169 and 7173, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP

APPROVED

*Price Daniel*

ATTORNEY GENERAL